IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHARLES FRED HEDGERS,<br>*also known as* "White Wolf",<br><br>Defendant. | Case No. 3:20-cr-00099-SLG-MMS<br><br>**FINAL REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE UPON A PLEA OF GUILTY** |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, upon Defendant's request to enter a guilty plea to Count 1 of the Indictment[1], this matter was referred to the Magistrate Judge by the District Court, with the written and oral consents of Defendant, counsel for Defendant, and counsel for the United States[2].

Thereafter, the matter came on for a hearing on Defendant's guilty plea, in full compliance with Rule 11, Federal Rules of Criminal Procedure, before the Magistrate Judge, in open court and on the record.

---

[1] Doc. 2.
[2] *See* Doc. 28.

In consideration of that hearing and the allocution made by the Defendant under oath, on the record, in the presence of counsel, and the remarks of the Assistant United States Attorney,

**A.  I make the following FINDNGS – that the Defendant understands:**

1. That any false statements made by the Defendant under oath may later be used against him in a prosecution for perjury;

2. The right to persist in a plea of not-guilty;

3. The consequence of not being a United States citizen, including the possibility of deportation;

4. The nature of the charges against him;

5. The maximum possible sentence, including imprisonment, fine, and the effect of the supervised release term;

6. Any applicable mandatory minimum penalty;

7. The Court's authority to order restitution;

8. The Court's obligation to impose a special assessment;

9. Any applicable forfeiture;

10. The right to a speedy and public trial by jury;

11. The right to be represented by counsel – and if necessary, to have the Court appoint counsel at trial, and at every other stage of the proceedings;

12. The right to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses;

13. The Defendant's waiver of trial rights if the Court accepts a guilty plea; and

14. That in determining a sentence, the court's obligation to calculate the applicable sentencing guideline range and to consider that range pursuant to the Sentencing Guidelines promulgated by the United States Sentencing Commission, possible departures under the Sentencing Guidelines, and variances under 18 U.S.C. §3553(a).

B. **I further FIND that:**

1. The Defendant is competent to enter a plea;

2. That the plea of guilty by the Defendant has been knowingly and voluntarily made and is not the result of force, threats, or coercion;

3. Any agreements or promises which induced the plea of guilty are set forth on the record; and

4. That there is a factual basis for the Defendant's plea.

C. **I RECOMMEND** that the District Court accept the Defendant's plea of guilty to Count 1 of the Indictment, which charges violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2) – Felon in Possession of a Firearm.

**IT IS FURTHER ORDERED:**

    D.    A Presentence Report be prepared.

        1. Any objection(s) to the presentence report shall be filed no later than fourteen (14) days after receiving the presentence report pursuant to Fed. R. Crim. P. 32(f)(1);

        2. Any sentencing memorandum shall be filed no later than seven (7) business days prior to sentencing pursuant to L.Cr.R. 32.1(e).

The Sentencing hearing will be before United States District Judge Sharon L. Gleason. The court excludes time from November 11, 2021, until the time of sentencing pursuant to 18 U.S.C. §3161(h)(1)(G) on the grounds that the District Judge will be considering the proposed plea agreement.

DATED this 18th day of February, 2022, at Anchorage, Alaska.

                                        *s/ Matthew M. Scoble*
                                        MATTHEW M. SCOBLE
                                        Chief U.S. Magistrate Judge

This Report and Recommendation is being issued as a Final Report and Recommendation. Pursuant to Fed. R. Crim P. 59(b)(3), any objections will be considered by the District Court Judge who will accept, reject, or modify the recommendation following de novo review. Any objections must be filed by **CLOSE OF BUSINESS on February 25, 2022**. **The shortened objection deadline is due to the request of the District Court Judge. Fed. R. Crim P. 59(b)(2) and D. Ak. L.M.R. 6(a) authorizes the court to alter the standard objection deadlines.**

Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. *See Hilliard v. Kincheloe*, 796 F.2d 308 (9th Cir. 1986).